946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Takayoshi KIMURA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Oct. 15, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After he was ordered deported, Takayoshi Kimura appealed a final order of the Board of Immigration Appeals (the "Board") denying his application for a waiver of inadmissibility pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) ("section 1182(c)"). The sole issue on appeal is whether Kimura is eligible to apply for relief from deportation under section 1182(c).
 
 
 3
 Section 1182(c) requires seven consecutive years of "lawful unrelinquished domicile" before an alien may request relief from an order of deportability. We have held that permanent resident status is the prerequisite for "lawful unrelinquished domicile" under section 1182(c). Castillo-Felix v. I.N.A., 601 F.2d 459, 467 (9th Cir.1979). Kimura was not granted permanent resident status in the United States until 1984. Therefore, the Board was correct that he did not have the necessary seven consecutive years of lawful unrelinquished domicile when he requested a waiver of inadmissibility on April 26, 1988.
 
 
 4
 Kimura argues he may tack on the years from his entry into the United States in 1980, when his status was that of a nonimmigrant treaty-trader pursuant to 8 U.S.C. § 1101(a)(15)(E). However, we have specifically stated that a treaty-trader does not have status as a permanent resident. Id. at 464-65. Therefore we reject Kimura's argument as we are bound by our decision in Castillo-Felix. State of Montana v. Johnson, 738 F.2d 1074, 1077 (9th Cir.1984).
 
 
 5
 Kimura further argues that the Supreme Court has noted in Elkins v. Moreno, 435 U.S. 647 (1979), that an alien can harbor a lawful domiciliary intent apart from the commencement of lawful permanent residency. Kimura's intent to remain in the United States before he became a permanent resident could not have been lawful, however, because treaty-traders are, by regulation, temporary. 22 C.F.R. § 41.51(a)(2) (1989) ("An alien is classifiable as a nonimmigrant treaty trader (E-1) if the consular officer is satisfied that the alien ... [i]ntends to depart from the United States upon the termination of E-1 status."). We have observed, citing Elkins, that "If aliens are here for a temporary purpose, they cannot establish domicile. Conversely, if they intend to stay, they violate the terms of their admission and are no longer here lawfully." Castillo-Felix, 601 F.2d at 464. Elkins, therefore, does not support Kimura's argument.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3